IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNNY ADAM PARSONS                                                                                  PLAINTIFF

v.                                    Civil No. 12-5004

JAILER REESE; JAILER CONNERS;
JAILER FIELDS; CORPORAL CLAUD;
and the WASHINGTON COUNTY DETENTION
CENTER                                                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Johnny Adam Parsons, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

By order entered on January 9, 2012 (Doc. 5), Plaintiff was directed to file an amended complaint because he had named four individuals as Defendants without stating how each of these individuals violated his federal constitutional rights. In the amended complaint, Plaintiff was told he must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff was told he must repeat this process for each person he has named as a Defendant.

Plaintiff's amended complaint (Doc. 7) named an additional Defendant, Jailer Henriguiz. The complaint describes actions taken by Jailer Henriguiz but does not mention Jailer Reese, Jailer Conners, Jailer Fields, or Corporal Claud.

For this reason, Plaintiff was again directed (Doc. 8) to submit an amended complaint. In the amended complaint, Plaintiff was told he must state separately for <u>each</u> Defendant the actions

-1-

he or she took that violated Plaintiff's constitutional rights. Plaintiff was given until February 21, 2012, to submit the amended complaint. He was advised that failure to comply with the order might result in the dismissal of the case.

To date, Plaintiff has not filed his amended complaint. He has not communicated with the Court in anyway. No mail has been returned as undeliverable. I therefore recommend that this case be dismissed with prejudice for failure to obey an order of the Court and failure to prosecute.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of February 2012.

/s/ *Erin L. Setser*
　　HON. ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE